UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 2:10-cr-00219 |
| | CIVIL ACTION NO. 2:15-cv-00466 |
| VERSUS | JUDGE HAIK |
| ROBERT C. GREEN | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Robert C. Green is incarcerated at a federal correctional center in California. Currently before this Court is his *pro se* motion to vacate, set aside, or correct his sentence, which was filed pursuant to 28 U.S.C. § 2255. (Rec. Doc. 90). Mr. Green contends that his trial attorney, federal public defender Joseph R. Streva, Jr., and his appellate attorney, Mark David Plaisance, provided ineffective assistance. This matter was referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Having found that Mr. Green's motion is untimely, it is recommended that the motion be dismissed with prejudice.

### BACKGROUND

On July 13, 2010, Robert C. Green, who was at that time an inmate at the Federal Correction Center in Oakdale, Louisiana, was charged in an indictment with

one count of possessing contraband in prison, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3). (Rec. Doc. 1). On February 8, 2011, Mr. Green was charged in a superseding indictment with two counts of possessing contraband in prison in violation of those same statutes, based on incidents allegedly occurring on or about October 20 and December 21, 2009. (Rec. Doc. 23). Mr. Green pleaded not guilty to the charges. (Rec. Doc. 29). Mr. Green was tried before a jury on August 22 and 23, 2011. (Rec. Docs. 44, 46). Mr. Green was found not guilty with regard to Count 1 and guilty with regard to Count 2. (Rec. Doc. 46, 51, 54). On December 15, 2011, Mr. Green was sentenced to serve sixty months of incarceration to run consecutively to the sentence that he was already then serving. (Rec. Doc. 53, 54).

At trial, Mr. Green was represented by public defenders Joseph C. Streva, Jr. and Cristie Gibbens. On December 31, 2011, Mr. Green filed a notice of appeal. (Rec. Doc. 56). On January 3, 2012, Anthony J. Lascaro enrolled as Mr. Green's counsel, and Mr. Streva withdrew. (Rec. Doc. 58). Subsequently, Mr. Lascaro withdrew (Rec. Doc. 60), and Mark Plaisance enrolled (Rec. Doc. 61). An *Anders* brief was filed with the Fifth Circuit Court of Appeals, in which Mr. Plaisance argued that there were no nonfrivolous issues to appeal. On May 9, 2013, the Fifth Circuit dismissed Mr. Green's appeal as frivolous, stating that "the appeal presents no nonfrivolous issue for appellate review." (Rec. Doc. 74 at 3).

Mr. Green now seeks to have his conviction and sentence overturned on the basis of the alleged ineffectiveness of his trial and appellate counsel. He argues that Mr. Streva was ineffective because he failed to object to certain jury instructions at trial and failed to object to career offender status at sentencing. (Rec. Doc. 90 at 5, 16-17). He argues that Mr. Plaisance was ineffective on appeal because he failed to thoroughly investigate the potential bases for appeal. (Rec. Doc. 90 at 6, 16-17).

## LAW AND ANALYSIS

### I. THE MOTION IS NOT TIMELY.

The pending motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA.")[1] The AEDPA requires a prisoner in federal custody, such as Mr. Green, to bring his motion for collateral relief no later than one year after the latest of four potential dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has

---

[1] *United States v. Orozco-Ramirez,* 211 F.3d 862, 866 (5th Cir. 2000).

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

Mr. Green's judgment of conviction became final on August 7, 2013, but he did not file the instant motion until February 26, 2015, which is more than one year after his judgment of conviction became final. Mr. Green's appeal was dismissed on May 9, 2013, and the ninety-day time period for seeking a writ from the United States Supreme Court expired on August 7, 2013. His conviction became final on that date. The deadline for filing a Section 2255 motion expired one year later, on August 7, 2014. Mr. Green does not contend that the deadline for filing his motion for collateral review began to run on any permissible date other than the date on which his conviction became final, and he does not expressly contend that he is entitled to equitable tolling.

However, Mr. Green stated in his briefing that his motion was filed timely, after explaining that, at some time after February 25, 2013, he was "picked up" and "returned to Kansas" for a court appearance on March 25, 2013 related to unspecified state charges. (Rec. Doc. 90 at 6). He also stated that he "was held in Kansas until

---

[2]   28 U.S.C.A. § 2255(f).

his state charges were dismissed [on] 2/11/14." (Rec. Doc. 90 at 6). He also stated that, during his time in Kansas, he "was no longer in B.O.P. custody and out of contact with the court." (Rec. Doc. 90 at 6).

Construing Mr. Green's briefing liberally, as is required,[3] the undersigned interprets these factual allegations to collectively constitute an argument that Mr. Green is entitled to equitable tolling of the one-year deadline for filing his motion due to his having been moved from one prison to another after his conviction.

"It is well-established that 'in rare and exceptional circumstances' AEDPA's one year statute of limitations 'can be equitably tolled.'"[4] A convicted prisoner such as Mr. Green bears the burden of establishing equitable tolling.[5] To do so, Mr. Green must show both that he pursued his rights diligently and also that extraordinary circumstances prevented timely filing.[6] He need not establish "maximum feasible

---

[3] *United States v. Fraley*, 9 F.3d 103 (5th Cir. 1993) (unpublished) ("pro se papers must be construed liberally"); *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) ("Pro se prisoner complaints must be read in a liberal fashion. . . ."), quoting *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976).

[4] *Jones v. Stephens*, No. 12-20151, 2013 WL 5615736, at * 3 (5th Cir. Oct. 15, 2013), quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

[5] *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

[6] *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012), citing *Holland v. Florida*, 560 U.S.631, 649 (2010).

diligence" but he is required to show "reasonable diligence."[7]  Equitable tolling is usually warranted only in situations in which the convicted person was actively misled by the government or prevented in some extraordinary way from asserting his rights.[8]  The failure to satisfy the statute of limitations must result from external factors beyond the convicted person's control and "delays of the petitioner's own making do not qualify."[9]  Furthermore, "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."[10]  However, the AEDPA's statute of limitations must not be applied too harshly because dismissing a first § 2255 motion is a serious matter.[11]  Therefore, the decision to invoke equitable tolling is left to the discretion of the district court.[12]

The undersigned finds that the circumstances of this case are not such that equitable tolling is warranted.  The undersigned finds that Mr. Green cannot establish that he pursued his right to challenge his sentence with reasonable diligence or that

---

[7] *Holland v. Florida*, 640 U.S. at 653.

[8] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

[9] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009), quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

[10] *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002).

[11] *Manning v. Epps*, 688 F.3d at 183-84, citing *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

[12] *Cousin v. Lensing*, 310 F.3d at 848.

extraordinary circumstances prevented him from timely filing his motion for collateral review.

Mr. Green's sole contention in support of his claim for equitable tolling is that he was out of federal prison and detained by the State of Kansas from March 2013 to February 2014. Before the one-year deadline expired, however, Mr. Green filed a notice that he would be representing himself (Rec. Doc. 75) and a notice stating that he did not have funds to pay court costs (Rec. Doc. 76). He was sent a form for *in forma pauperis* status (Rec. Doc. 78), and he paid a filing fee. (Unnumbered record entry). Before the deadline expired, he mailed an application to proceed *in forma pauperis* to the court, which was filed in the record the day after the deadline expired. (Rec. Doc. 80).

But he did not file a motion for postconviction relief. Instead, over a month later, he requested information concerning the status of the case. (Rec. Doc. 83). A few days later, he filed a request for discovery. (Rec. Doc. 84). Four months after that, in January 2015, he filed a motion requesting an extension of the deadline for filing a Section 2255 motion. (Rec. Doc. 85). In that motion, he suggested that he was entitled to an extension because he "was out on writ in Kansas when his direct appeal was dimissed [sic] [and] did not return to the custody of the B.O.P. till

sometime after Feburay [sic] 14, 2014." (Rec. Doc. 85 at 1). He also suggested that his cellmate stole some information that he had requested. (Rec. Doc. 85 at 1).

The motion for extension of the filing deadline was denied for lack of jurisdiction. (Rec. Doc. 87). The Court explained that, under Fifth Circuit precedent, a motion for extension of time to file a Section 2255 motion cannot be considered unless the court has that motion before it. (Rec. Doc. 87 at 1). Still, Mr. Green filed another motion for extension of the filing deadline, again suggesting that his transfer to another facility deprived him of his legal work and his contact with the court. (Rec. Doc. 88 at 1). That motion was also denied for lack of jurisdiction. (Rec. Doc. 89).

Three weeks later, Mr. Green filed his Section 2255 motion. (Rec. Doc. 90). He then waited another month and then filed a memorandum in support of the motion. (Rec. Doc. 91). Had Mr. Green simply filed his Section 2255 motion in July 2014 when he filed the notice advising the court that he intended to represent himself, his motion would have been timely. But instead of filing the motion at that time, he waited another six months.

The record contains no indication that Mr. Green was actively misled or was prevented in any way from asserting his rights within the statutorily allotted one-year time period. The argument that equitable tolling is justified when a prisoner has been

transferred from one facility to another – even if transfers occur repeatedly – has been rejected by several courts. "Transfers between prison units is a problem frequently encountered by inmates."[13] Accordingly, prison transfers are not a rare or exceptional situation that can trigger equitable tolling.[14]

The Fifth Circuit has also recognized that a prisoner is not entitled to equitable tolling when the impediment to his filing a Section 2255 motion is removed months before the deadline elapses.[15] In this case, Mr. Green admits that he had returned from Kansas in February 2014, six months before the deadline for filing his motion expired. There is nothing in the record indicating that he was prevented, between February and August 2014, from filing his Section 2255 motion. If he had exercised reasonable diligence, as he is required to do, he could have filed his motion before the deadline expired.

---

[13] *Carter v. Thaler*, No. 3-09-CV-1817-B, 2010 WL 546769, at *3 (N.D. Tex. Feb. 17, 2010).

[14] *Cole v. United States*, No. 3:14-CV-1439-K-BH, 2014 WL 2781834, at *3 (N.D. Tex. June 19, 2014); *Hogg v. Sparkman*, No. 4:11CV148, 2012 WL 3095578, at *3 (S.D. Miss. July 6, 2012); *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008); *Paulcin v. McDonough*, 259 Fed. App'x 211, 213 (11th Cir. 2007); *United States v. Farkas*, No. 01-91-JJB-SCR, 2007 WL 3377264, at *2 (M.D. La. Nov. 13, 2007); *United States v. Gambini*, No. 99-225, 2002 WL 1767418, at *2 (E.D. La. July 30, 2002) ("Transfers, however, are hardly 'rare and exceptional' circumstances that warrant equitable tolling. Nothing in the record indicates that transfers restricted petitioner's ability to file a habeas petition on a timely basis."); *United States v. Anderson*, 238 F.3d 415 (4th Cir. 2000).

[15] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Andrade v. Odessa Police Dep't*, 472 Fed. App'x 323, 324 (5th Cir. 2012).

Although Mr. Green took some steps toward seeking review of his conviction and sentence, the undersigned finds that his efforts were not reasonably diligent. The undersigned further finds that there is no evidence that Mr. Green was actively misled or prevented in any way from asserting his rights. Therefore, he is not entitled to equitable tolling of the one-year deadline for bringing his Section 2255 motion. The motion was not filed within the applicable one-year time period. There is no evidence of the type of extraordinary circumstances that might entitle Mr. Green to equitable tolling of the one-year limitations period applicable to his request for collateral review. Mr. Green did not prove that he was actively misled by the government or prevented in any extraordinary way from asserting his rights. Instead, he simply failed to file his motion within the requisite time frame. Accordingly, the undersigned finds that Mr. Green has not demonstrated that he is entitled to equitable tolling and further finds that the instant motion cannot be considered because it was filed too late.

## II. THE REMAINING ISSUES NEED NOT BE CONSIDERED.

Because the undersigned has found that Mr. Green's motion is untimely, the remaining issues raised in his motion need not be addressed.

## CONCLUSION AND RECOMMENDATIONS

The undersigned finds, for the foregoing reasons, that Mr. Green's pending motion to vacate, correct, or set aside his conviction and sentence is untimely because it was not filed within one year of the date on which his conviction became final and he is not entitled to equitable tolling. Accordingly,

**IT IS RECOMMENDED** that Mr. Green's pending motion (Rec. Doc. 90) be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds

of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      Signed at Lafayette, Louisiana, this 6th day of April 2015.

                                                    _____
                                                  PATRICK J. HANNA
                                                  UNITED STATES MAGISTRATE JUDGE